Argia J. DiMarco (I.D. No. 030012011)
**BUCHANAN INGERSOLL & ROONEY PC**
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, New Jersey 07102-4582
Phone:  (973) 273-9800

*Counsel for Defendants National Liability & Fire Insurance Company, ACE American Insurance Company, Liberty Mutual Insurance Company, and United States Aircraft Insurance Group*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY,
NEWARK DIVISION

| | |
|---|---|
| AIRCRAFT SERVICES GROUP, INC., a New Jersey corporation, <br><br> *Plaintiff,* <br> v. <br><br> NATIONAL LIABILITY & FIRE INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and UNITED STATES AIRCRAFT INSURANCE GROUP, <br><br> *Defendants.* | CIVIL ACTION NO. <br><br><br><br> **NOTICE OF REMOVAL** |

To:   Clerk of the Court
      United States District Court for the District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street, Room 4015
      Newark, NJ 07101

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441(a) and (b) and 28 U.S.C. § 1332, Defendants National Liability & Fire Insurance Company ("NLFIC"), ACE American Insurance Company ("ACE"), Liberty Mutual Insurance Company ("Liberty Mutual") and United States Aircraft Insurance Group ("USAIG") (collectively "Defendants") hereby

remove this action from the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey, Newark Division. In support of this Notice of Removal, Defendants state as follows:

1. On January 11, 2019, Plaintiff filed its Complaint in the Superior Court of New Jersey, Bergen County, styled *Aircraft Services Group, Inc. v. National Liability & Fire Insurance Company, Ace American Insurance Company, Liberty Mutual Insurance Company and United States Aircraft Insurance Group*, Case No. BER-L-000295-19 (the "State Court Action"). A copy of the docket sheet and all the documents filed in the State Court Action are attached hereto as **Exhibit A**.

2. In the Complaint, the Plaintiff asserts two counts, one under the New Jersey Declaratory Judgment Act and one for breach of contract, against the Defendants collectively. The lawsuit relates to a dispute over a claim for insurance coverage under an insurance policy issued to Plaintiff by USAIG.

3. This action is removable pursuant to 28 U.S.C. §1441(a) because the district courts of the United States have original jurisdiction over this action based on diversity of citizenship under §1332.

4. The State Court Action was filed in New Jersey Superior Court for Bergen County, New Jersey. Removal to this Court is proper because this is the "district and division embracing the place where [the state court] action is pending." 28 U.S.C. §1441(a).

5. Further, pursuant to 28 U.S.C. § 1446(d), Defendants will provide a copy of this Notice to all adverse parties and will be filed with the Clerk of Court for the Superior Court of New Jersey, Law Division, Bergen County.

**Diversity of Citizenship**

  A. **Citizenship of Plaintiff**

  6. In Paragraph 1 of the Complaint, Plaintiff avers that it is "a New Jersey Corporation located at 401 Industrial Avenue, Teterboro, New Jersey." Accordingly, for diversity purposes, Plaintiff is a New Jersey citizen.

  B. **Citizenship of Defendants**

  7. None of the Defendants in the State Court Action is a citizen of New Jersey.

  8. Defendant NLFIC is a corporation organized under the laws of Connecticut. Its statutory address is located at 100 First Stamford Place, Stamford, Connecticut 06902-6745 and its administrative address is located at 1314 Douglas Street, Suite 1400, Omaha, Nebraska. Accordingly, for diversity purposes, NLFIC is a citizen of both Connecticut and Nebraska. *See* Declaration of John Watson ("Watson Decl."), ¶7, attached hereto as **Exhibit B**.

  9. Defendant ACE is a corporation organized under the laws of Pennsylvania with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania. Accordingly, for diversity purposes, ACE is a citizen of Pennsylvania. Ex. B, Watson Decl., ¶8.

  10. Defendant Liberty Mutual is a corporation organized under the laws of Massachusetts with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Accordingly, for diversity purposes, Liberty Mutual is a citizen of Massachusetts. Ex. B., Watson Decl., ¶9.

  11. Defendant USAIG is an unincorporated association of member companies managed by United States Aviation Underwriters, Inc. USAIG maintains its principal office at 125 Broad Street, 6th Floor, New York, New York 10004. Neither United States Aviation Underwriters, Inc. nor any of the member companies of USAIG are incorporated in the State of

3

New Jersey or maintain their principal place of business in the State of New Jersey. For diversity purposes, neither United States Aviation Underwriters, Inc. nor USAIG is a citizen of the State of New Jersey. Ex. B, Watson Decl., ¶10.

12. Removal of this action on the basis of diversity of citizenship is permitted under 28 U.S.C. §1441(b) because none of the Defendants is a citizen of New Jersey. Furthermore, removal is timely in that the action was filed less than 30 days ago.

**Amount in Controversy**

13. The face of the Complaint in the State Court Action demonstrates the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs. *See* 28 U.S.C. §1332(a).

14. In Paragraph 34 of the Complaint, Plaintiff asserts that it seeks $179,819.55 as the cost to repair its aircraft. It further alleges that USAIG only offered to pay $47,141.09 on this claim. In the State Court Action, Plaintiff demands judgment of the full amount of the cost to repair, $179,819.55, which is in excess of the jurisdictional limit for diversity purposes. Furthermore, the difference between Plaintiff's claim ($179,819.55) and the amount that USAIG adjusted the claim at ($47,141.55) is 132,678.46, which also exceeds the sum of $75,000.

**This Removal is Timely**

15. Pursuant to 28 U.S.C. §1446(b)(1), a Notice of Removal must be filed "within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ."

16. Defendants have submitted this Notice of Removal less than 30 days from the date any of them first received the Complaint, which Complaint was filed on January 11, 2019, less than 30 days ago. Thus, removal is timely in accordance with 28 U.S.C. § 1446(b).

4

17.     Furthermore, this Notice of Removal is filed by all Defendants, who each consent to the removal of this Action.

WHEREFORE, Defendants National Liability & Fire Insurance Company, Ace American Insurance Company, Liberty Mutual Insurance Company and United States Aircraft Insurance Group give notice that the above-captioned action filed by Plaintiff in the Superior Court of New Jersey, Bergen County is hereby removed to the United States District Court for the District of New Jersey, Newark Division.

Date:   February 1, 2019

By:   */s/ Argia J. DiMarco*
Argia J. DiMarco
**BUCHANAN INGERSOLL & ROONEY PC**
550 Broad Street, Suite 810
Newark, NJ 07102-4582
Phone:  (973) 273-9800
argia.dimarco@bipc.com

*Counsel for Defendants National Liability & Fire Insurance Company, ACE American Insurance Company, Liberty Mutual Insurance Company, and United States Aircraft Insurance Group*

**CERTIFICATE OF SERVICE**

     I, Argia J. DiMarco, hereby certify that on this date I caused a true and correct copy of the foregoing Notice of Removal to be filed via the Court's electronic filing (ECF) system and served by U.S. First Class mail on all counsel of record, addressed as follows:

          George R. Campion
          **COTTRELL SOLENSKY, P.A.**
          550 Broad Street, 10th Floor
          Newark, NJ 07102
          gcampion@cs-njnylaw.com

Date:  February 1, 2019             /s/ *Argia J. DiMarco*
                                                      Argia J. DiMarco